IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **VON KING, DANIELLE JOHNSON, CHELSEA SHAW, JOY FLOWERS, SUSAN KOLYNO, JACQUELINE PERKINS, ARTHUR WILLIAMS, and JANE/JOHN DOE 1-9,** | **CIVIL ACTION FILE NO. 1:21-CV-03082-JPB** |
| **Plaintiffs, on behalf** of themselves and all others similarly situated, | (CLASS ACTION) |
| **v.** | |
| **STATE OF GEORGIA, GEORGIA DEPARTMENT OF LABOR, and COMMISSIONER MARK BUTLER,** in his official capacity, | |
| **Defendants.** | |

**PLAINTIFFS' UNOPPOSED MOTION TO GRANT**
**FINAL APPROVAL OF CLASS SETTLEMENT**

Pursuant to Federal Rule of Civil Procedure 23(e)(2), and pursuant to a

settlement agreement with Defendant State of Georgia, Georgia Department of

Labor and Commissioner Mark Butler, ("Defendants"), Plaintiff Class

Representatives Plaintiffs, Von King, Danielle Johnson, Chelsea Shaw, Joy Flowers,

#3480709v1

Susan Kolyno, Jacqueline Perkins, and Arthur Williams, through counsel, ("Class Representatives") request the Court to enter a final order and judgment approving the Parties' proposed class settlement. As discussed more fully below: (1) the notice provided to the Class Members fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process; and (2) the proposed class settlement is fair, reasonable, and adequate.

## BACKGROUND

Plaintiffs filed this case as a class action in the Superior Court of Fulton County in June of 2021, alleging that Defendants had failed (and were continuing to fail) to properly administer Georgia's unemployment benefits system in violation of the Plaintiffs' rights, and the rights of all those similarly situated.   Plaintiffs sought declaratory and injunctive relief. Defendants denied these claims and removed the case to the U.S. District Court for the Northern District of Georgia.

Defendants filed dispositive motions, and permitted Plaintiffs limited discovery with respect to a motion for class certification. Plaintiffs deposed corporate representatives of the Georgia Department of Labor and moved for class certification of the Prompt Appeals Class. The Prompt Appeals Class is defined as "All individuals who (a) have been partially or totally unemployed between March

#3480709v1

1, 2020, and the present; (b) have applied for unemployment benefits distributed by the Georgia Department of Labor; (c) received an initial determination that they were ineligible; (d) filed a timely appeal; (e) did not received an appellate hearing and determination within four weeks of their initial determination; and (f) are still awaiting a hearing or determination.    Named Plaintiffs Von King, Jacqueline Perkins, and Joy Flowers represented the Prompt Appeals Class. Plaintiffs intended to move to certify the Prompt Determinations Class and the Prompt Payments Class after further discovery was conducted.

After the limited discovery and the motion for class certification, counsel for the Parties mediated the dispute and ultimately reached an agreement on appropriate injunctive relief. The Parties agreed to class certification for the Prompt Determination Class, the Prompt Payments Class, and the Prompt Appeals Class, and agreed that counsel for the Named Plaintiffs would be appointed Class Counsel. [Doc. 43].

On June 30, 2022, the Court preliminarily approved the Parties' proposed class settlement to settle all claims of Plaintiffs and the Class Members in this action. [Doc. 45].    The Court found the Notice Plan appropriate as outlined in the Settlement Agreement. [Doc. 45].    Immediately after the Court preliminarily

#3480709v1

-3-

approved the proposed settlement, a dispute arose regarding the Parties' communication about the proposed settlement. Defendants filed an emergency motion to withdraw their consent to the preliminary approval [Doc. 46], and Class Counsel responded [Doc. 47]. The Parties mediated the communication dispute and asked the Court to clarify the Notice Plan. [Doc. 53].

The Court granted the Motion for Clarification on August 22, 2022. [Doc. 54]. The Court's Order amended the deadlines in the Preliminary Approval Order and required Class Members to file objections to the settlement no later than September 19, 2022. [Doc. 54]. The Order also required Class Members to file supporting materials for objections no later than October 17, 2022. [Doc. 54].

Accordingly, the Parties provided Class Members notice by issuing a joint press release on August 29, 2022, announcing that the Parties were continuing with the settlement agreement. The Parties simultaneously published the notice content on their respective websites. Gutman Decl., Ex. 1, ¶ 3; Babcock Decl. Ex. 2, ¶ 3. Class Counsel and Defendants announced the settlement and posted links to the notice content webpages on their respective social media accounts, including LinkedIn, Facebook and Twitter. Gutman Decl., Ex. 1, ¶ 5; Babcock Decl., Ex. 2, ¶ 5. Class Counsel created a list of potential Class Members and people who indicated

#3480709v1

that they wanted information about the pending litigation. Gutman Decl., Ex. 1, ¶ 4. On August 30, 2022, Class Counsel emailed the notice content and links to the notice webpages to the individuals on the list. Gutman Decl., Ex. 1, ¶ 4. GDOL did not receive requests for information about the lawsuit from potential class members. However, the Attorney General's office forwarded three requests for information on the lawsuit to GDOL. GDOL emailed these individuals information referring them to the Notice Web Page. Babcock Decl., Ex. 2, ¶ 4.

## ARGUMENT

### I. Notice of the Proposed Class Settlement Satisfied Rules 23 and Due Process

In this case, all Class Members are part of a Rule 23(b)(2) class seeking injunctive and declaratory relief. See ECF No. 43-1 at 4. A court "must direct notice in a reasonable manner to all class members who would be bound by a [proposed class settlement agreement]." Fed. R. Civ. P. 23(e)(1)(B). Likewise, under the constitutional guarantee of procedural due process, "notice must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 174 (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

#3480709v1

Here, the Parties have effectuated notice that meets these standards. As directed and approved by the Court, Class Counsel published a Settlement Website on August 29, 2022, prominently displaying information regarding the lawsuit, defining the classes and class claims and issues, and explaining the proposed class settlement and how to object. Gutman Decl., Ex. 1, ¶ 3, Babcock Decl., Ex. 2, ¶ 3.

On the same day that Class Counsel published its website, Defendants also both launched a Settlement Website and posted on its social media channels. Babcock Decl., Ex. 2, ¶ 3, 5. This website also prominently displayed information regarding the lawsuit, defined the classes and class claims and issues, and explained the proposed class settlement and how to object. Babcock Decl., Ex. 2, ¶ 3. Defendants also posted notices regarding the settlement in its career centers and posted a copy of the joint press release on its website. Babcock Decl., Ex. 2, ¶ 5, 6.

On August 30, 2022, Class Counsel emailed the approved notice language to 747 individuals. Gutman Decl., Ex. 1, ¶ 4. These individuals contacted Class Counsel to express interest in the case between the time it was filed and the date the notice email was sent. *Id*. Additionally, on September 8, 2022, Class Counsel posted information about the settlement, including a link to the settlement website, on its social media channels, including Twitter and Facebook. Gutman Decl., Ex. 1, ¶ 5.

Class Counsel continues to respond to all contacts, including via email and mail, from individuals interested in the litigation to provide case updates and referrals for representation. *Id*.

GDOL did not receive requests for information about the lawsuit from potential class members. However, the Attorney General's office forwarded three requests for information to GDOL. In turn, GDOL emailed these individuals referring them to GDOL's Notice Web Page. Babcock Decl., Ex.2, ¶ 4.

Accordingly, the Parties have implemented notice that is appropriate and reasonably calculated to reach Class Members and afforded them an opportunity to present their objections.

## II. The Proposed Class Settlement is Fair, Reasonable and Adequate

As the Eleventh Circuit has explained, a District Court exercises its discretion to assess a class settlement for "fairness, reasonableness, and adequacy." *Faught v. American Home Shield Corp*., 668 F.3d 1233, 1240 (11th Cir. 2011) (citations omitted).   In this review, the District Court should consider the following factors:

> (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the range of possible recovery at which a settlement is fair, adequate, and reasonable; (4) the anticipated complexity, expense, and duration of litigation; (5) the opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved.

*Id.* (citations omitted).   Each of these factors counsels in favor of approval here.

### a.  Likelihood of Success

Given the evidence gathered at the one day of 30(b)(6) depositions conducted in this case, Plaintiffs believe that the chances of success for the claims asserted on behalf of the Delayed Appeals Class were favorable, though not certain. Because of the procedural posture of the case at the time of settlement discussions, general discovery had not been conducted; therefore, the chances of success for the remaining two classes were more uncertain. This settlement fairly reflects the chances for success at trial.

### b.  The Range of Possible Recovery

The demands in this case are limited to injunctive relief and Plaintiffs did not and likely could not seek monetary damages. Additionally, Plaintiffs' request for injunctive relief was necessarily limited to the range of options possible for the Defendants to implement.   Because this range of options was only ascertainable through discovery from the Defendants, Plaintiffs did not seek one specific set of processes to resolve the issues confronted by the Class.   Plaintiffs thus approached the case seeking a resolution that compelled Defendants to comply with their obligations under the Georgia Employment Security Law, O.C.G.A. § 34-8-1 *et seq.*

#3480709v1

and regulations promulgated in accordance with this law, to promptly process unemployment applications, make determinations of eligibility, pay the unemployment benefits for which they have been deemed eligible, and schedule requested administrative appeal hearings. This settlement fairly reflects the potential recoveries for each Class.

### c.  The range of Fair Settlements

Plaintiffs assert that this settlement reflects a favorable resolution for all class members with the certainty and timeliness that can only be gained by settlement. The Parties' negotiations were held at arm's length, with no coercion or collusion, supporting a finding of fairness.

### d.  The Anticipated Complexity, Expense, and Duration of Litigation

When settlement negotiations began, formal discovery had not started. Additionally, Plaintiffs had filed a Motion for Preliminary Injunction and Motion for Class Certification for one of the three proposed classes, the Prompt Appeals Class. If litigation was to resume, both Parties would need to conduct extensive briefing on the pending motions as well as on possible additional dispositive motions not yet filed. Discovery would likely include significant delays including document review, depositions, and significant motions practice, resulting in continued delays

#3480709v1

in a resolution for the Class Members. This settlement is fair and reasonable considering the additional time and resources that would be required to continue litigation.

### e. The Lack of Opposition to the Settlement

Two objections were filed by class members in this case, one timely and the other after the deadline. Both objections described the writers' frustrations and inability to access Unemployment Benefits. These two experiences are emblematic of numerous class members' complaints about GDOL's alleged failures, inaccessibility, and severe delays in determining eligibility. These objections indicate a need for the reforms included in this settlement so that future applications (and those currently pending) are processed in a timely manner.

Both writers point to the lack of monetary damages as a principal reason for their objections. However, because this case only sought injunctive relief and did not request monetary damages, this settlement does not affect any Class Members' rights to bring separate claims for monetary damages. Defendants further contend that the objections should be overruled because monetary damages would not be recoverable through this action or a similar action filed individually against

#3480709v1

-10-

Defendants because such relief would, in most instances, be barred by sovereign immunity.

### f.  The Stage of Proceedings at Which the Settlement was Achieved

Before settlement negotiations began in February 2022, Plaintiffs engaged in pre-litigation investigation, conducted 30(b)(6) depositions, and briefed and filed several motions, including a Motion for Preliminary Injunction and a Motion for Class Certification. Although formal discovery had not yet begun, the record developed through Plaintiffs' fact investigation as well as updated information discussed between the Parties during settlement negotiations, adequately equips Plaintiffs and the Court with the information necessary to determine that the benefits of the proposed settlement agreement outweigh the potential benefits of continued litigation.

## CONCLUSION

For the foregoing reasons, the Plaintiffs respectfully request the Court to grant their Joint Motion for Final Approval and issue the proposed order, attached hereto, that approves the proposed settlement agreement.

Respectfully submitted this 4th day of November, 2022.

*/s/ Jason J. Carter*
Jason J. Carter

#3480709v1

-11-

Ga. Bar No. 141669
Juliana Mesa
Ga. Bar No. 585087
**BONDURANT, MIXSON & ELMORE, LLP**
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, GA    30309-3417
Phone: (404) 881-4100
Facsimile: (404) 881-4111

Kristen Anderson
FL. Bar No. FBN-17170
*Admitted pro hac vice*
Jamie B. Rush
Ga. Bar. No. 999887
Miriam F. Gutman
Ga. Bar No. 170768
**THE SOUTHERN POVERTY LAW CENTER**
P.O. Box 1287
Decatur, Georgia 30031-1287
Tel.: 404-521-6700

***Attorneys for Plaintiffs***

#3480709v1

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2022, I caused a copy of **PLAINTIFFS'**
**UNOPPOSED MOTION TO GRANT FINAL APPROVAL OF CLASS**
**SETTLEMENT** to be filed using the Court's CM/ECF system which will send
electronic notification to all parties of record.

*/s/ Jason J. Carter*
Jason J. Carter
Ga. Bar No. 141669

-13-