IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| VON KING, DANIELLE JOHNSON, CHELSEA SHAW, JOY FLOWERS, SUSAN KOLYNO, JACQUELINE PERKINS, ARTHUR WILLIAMS, and JANE/JOHN DOE 1-9,<br><br>Plaintiffs, on behalf of themselves and all others similarly situated,<br><br>v.<br><br>STATE OF GEORGIA, GEORGIA DEPARTMENT OF LABOR, and COMMISSIONER MARK BUTLER, in his official capacity,<br><br>Defendants. | CIVIL ACTION FILE NO. 1:21-CV-03082-JPB<br><br>(CLASS ACTION) |

**INTERLOCUTORY ORDER APPROVING SETTLEMENT AGREEMENT**

On June 30, 2022, this Court granted preliminary approval of the settlement of this class action set forth in the Proposed Settlement Agreement and Notice Plan (the "Settlement Agreement"). Due and adequate notice was provided to the

1

classes pursuant to that order, including notice of the opportunity to object.  This matter now comes before the Court on the unopposed application of the Plaintiffs for final approval of the settlement.

On November 8, 2022, the Court held a hearing to consider any objections filed disputing the fairness of the settlement.  At that hearing, the Court considered all of the objections, and heard from all class members and members of the public who attended.  The Court heard argument from the parties and the Court is prepared to enter final approval of the settlement.

However, prior to entering an order for final approval of the Proposed Settlement Agreement, Defendants must comply with the notice provisions required by the Class Action Fairness Act (CAFA).  See 28 U.S.C.S. § 1715.  The Court will provide an opportunity for Defendants to comply and will hold a hearing to consider any additional issues and finally approve the settlement no earlier than 95 days from the November 8, 2022 hearing, after the Georgia Department of Labor provides the requisite CAFA notice.

In the meantime, the Court has considered all papers filed and proceedings, it is this 11th day of January 2023, **ORDERED, ADJUDGED AND DECREED THAT**:

1. This Court has jurisdiction over the subject matter of this litigation and over all parties to this litigation, including all members of the Settlement Class.

2. The Parties have agreed that as reflected in the Agreement, the settlement consists of enhancements and improvements that Defendants already had initiated, some of which have already been completed at the time of the Agreement.  Defendants received feedback and suggestions from Plaintiffs which have been incorporated in ongoing enhancements and improvements, centering primarily around communication with claimants and processing of appeals.  Adequate funding going forward is crucial for the Department to continue these enhancements and improvements to systems and communications.  The state funding the Department relies on comes from the Administrative Assessment it collects from employers.  This funding source is set to expire at the end of 2022, which will result in a $10 to $20 million loss of funding to the Department.  Both parties call on the Georgia General Assembly to reinstate the Administrative Assessment as soon as possible.

3. The joint press release, notice on the parties' respective websites and social media accounts and emails to over 700 potential class members satisfies

Fed. R. Civ. P. 23(e)(1)(B), any other applicable law and due process, and constituted the best notice practicable under the circumstances; and due and sufficient notices of the final approval hearing and the rights of all Settlement Class members have been provided to all those who were entitled to it.

4. As to the Class, one class member filed a timely formal objection to the settlement, one class member filed an objection after the deadline and one class member appeared at the hearing to object to the settlement.

5. Members of the Settlement Class had the opportunity to be heard on all issues regarding the resolution and release of their claims by submitting objections to the Settlement Agreement to the Court.

6. Upon review of each and every objection to the settlement, the Court finds that the objections did not cast doubt on the fairness of settlement and, therefore, are overruled with prejudice.

7. The motion for final approval of the Settlement Agreement is hereby **DEFERRED** until such time as the timeline for notice under CAFA has expired. The injunctive relief that is reflected in the settlement of the class action is **APPROVED** on an interlocutory basis and the parties are hereby

directed to take the necessary steps to effectuate the terms of the Settlement Agreement.

8. The Court hereby approves the settlement set forth in the Settlement Agreement on an interlocutory basis, pending the final approval hearing and finds that the settlement is in all respects, fair, reasonable and adequate to all members of the Settlement Class, which are defined in the Court's prior orders and includes:

Prompt Determination Class

All individuals who (a) have been partially or totally unemployed between March 1, 2020, and the present; (b) have applied for unemployment benefits distributed by the Georgia Department of Labor; (c) did not receive a non-monetary determination within four weeks of their application; and (d) are still awaiting a non-monetary determination.

Prompt Payment Class

All individuals who (a) have been partially or totally unemployed between March 1, 2020, and the present; (b) have applied for unemployment benefits distributed by the Georgia Department of Labor; (c) received a determination that they were eligible; (d) did not receive payments within four weeks of their application; and (e) are still awaiting payment.

Prompt Appeal Class

All individuals who (a) have been partially or totally unemployed

between March 1, 2020, and the present; (b) have applied for unemployment benefits distributed by the Georgia Department of Labor; (c) received an initial determination that they were ineligible; (d) filed a timely appeal; (e) did not receive an appellate hearing and determination within four weeks of their initial determination; and (f) are still awaiting a hearing or determination.

9. Upon entry of the Final Order and Judgment, following compliance with CAFA, the Class members will be bound by the Settlement Agreement, the parties will provide the releases included in the Agreement, and the Court will retain jurisdiction.

IT IS SO ORDERED, this the 11th day of January, 2023.

_____
J. P. BOULEE
United States District Judge

#3482381v1