UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| VON KING, et al.,<br><br>    Plaintiffs, on behalf of themselves and all others similarly situated,<br><br>    v.<br><br>STATE OF GEORGIA, et al.,<br><br>    Defendants. | CIVIL ACTION NO.<br>1:21-CV-03082-JPB |

**ORDER**

This matter is before the Court on Plaintiffs' Unopposed Motion to Grant Final Approval of Class Settlement [Doc. 58].  This Court finds as follows:

**BACKGROUND**

Plaintiffs filed this class action against Defendants on June 17, 2021, in the Superior Court of Fulton County.  [Doc. 1-1].  Seeking declaratory and injunctive relief, Plaintiffs alleged that Defendants failed (and were continuing to fail) to properly administer Georgia's unemployment benefits system.  Defendants removed the action to this Court on July 30, 2021.  [Doc. 1].

In March 2022, the parties informed the Court that they wanted to attend mediation, and in April 2022, the parties reported that they had reached a settlement.  The settlement consisted of enhancements and improvements to the

unemployment benefits system, centering primarily around communication with claimants and the processing of appeals. On June 30, 2022, upon Plaintiffs' motion, the Court entered an order preliminarily approving the settlement. [Doc. 45]. Importantly, the Court found that the settlement agreement was fair, reasonable and adequate and that the notice plan was appropriate under the circumstances. Three settlement classes were certified:

(a) the Determination Class:

> All individuals who (a) have been partially or totally unemployed between March 1, 2020, and the present; (b) have applied for unemployment benefits distributed by the Georgia Department of Labor; (c) did not receive a non-monetary determination within four weeks of their application; and (d) are still awaiting a non-monetary determination.

(b) the Prompt Payment Class:

> All individuals who (a) have been partially or totally unemployed between March 1, 2020, and the present; (b) have applied for unemployment benefits distributed by the Georgia Department of Labor; (c) received a determination that they were eligible; (d) did not receive payments within four weeks of their application; and (e) are still awaiting payment.

(c) the Prompt Appeals Class:

> All individuals who (a) have been partially or totally unemployed between March 1, 2020, and the present; (b) have applied for unemployment benefits distributed by the Georgia Department of Labor; (c) received an initial determination that they were ineligible; (d) filed a timely appeal; (e) did not receive an appellate hearing and determination within four weeks of their

initial determination; and (f) are still awaiting a hearing or determination.

Id. at 2-3.

Several objections were filed to the settlement. [Docs. 55, 56 and 57]. On November 4, 2022, Plaintiffs filed the instant Unopposed Motion to Grant Final Approval of Class Settlement. [Doc. 58]. The Court held hearings on November 8, 2022, and April 25, 2023, to determine the fairness of the proposed settlement and to hear any objections to or concerns about the settlement terms.

## DISCUSSION

"Before approving a class-action settlement, a district court must 'determine that it [is] fair, adequate, reasonable, and not the product of collusion.'" Johnson v. NPAS Sols., LLC, 975 F.3d 1244, 1262 (11th Cir. 2020) (alteration in original) (quoting Leverso v. SouthTrust Bank of Ala., 18 F.3d 1527, 1530 (11th Cir. 1994)). The Eleventh Circuit Court of Appeals has outlined the following factors that courts should consider when making this determination:

> (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the range of possible recovery at which a settlement is fair, adequate, and reasonable; (4) the anticipated complexity, expense, and duration of litigation; (5) the opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved.

Faught v. Am. Home Shield Corp., 668 F.3d 1233, 1240 (11th Cir. 2011).  The Court will discuss each factor below.

1. **Likelihood of Success at Trial**

The Court will first consider Plaintiffs' likelihood of success at trial.  As stated above, the Court certified three different classes:  the Determination Class, the Prompt Payment Class and the Prompt Appeals Class.  Given the evidence obtained at the depositions, Plaintiffs believe that the chances of success for the Prompt Appeals Class were favorable, though not certain.  As to the other two classes, Plaintiffs' asserted that the chances of success were less certain.  In sum, the Court finds that this settlement fairly reflects the chances for success at trial.

2. **Range of Possible Recovery**

In considering the range of possible recovery, the Court recognizes that Plaintiffs only seek injunctive relief.  Importantly, Plaintiffs' request for this relief was necessarily limited to the range of options that were possible for Defendants to implement.  The Court is satisfied that the settlement compels Defendants to comply with their obligations under the Georgia Employment Security Law to promptly process unemployment applications, make determinations of eligibility, pay the unemployment benefits for which persons have been deemed eligible and schedule requested administrative appeal hearings.  Because the settlement fairly

reflects the potential recoveries for each class, this factor weighs in favor of approving the settlement.

3. **Range of Possible Recovery at Which a Settlement Is Fair, Adequate and Reasonable**

The Court will next consider the range of possible recovery at which a settlement is fair, adequate and reasonable. As explained in the previous section, the parties' settlement reflects a favorable resolution for all class members, especially considering the certainty and timeliness that can only be gained by settlement. Moreover, the Court finds that the negotiations were held at arm's length and with no coercion or collusion.

4. **The Anticipated Complexity, Expense and Duration of Litigation**

This Court finds that the settlement prevented complex and likely expensive litigation. When settlement negotiations began, formal discovery had not started. However, Plaintiffs had filed a Motion for Preliminary Injunction and a Motion for Class Certification. If litigation were to resume, both parties would have been required to conduct extensive briefing on those pending motions. Significantly, discovery would likely have caused lengthy delays for the class members because of document review, depositions and significant motions practice. In sum, the settlement is fair and reasonable considering the additional time and resources that

would have been required to continue litigation. This factor thus weighs in favor of settlement approval.

### 5. The Opposition to the Settlement

In considering the opposition to the settlement, the Court recognizes that three objections were filed. In all three objections, the objector believed that any settlement that excludes monetary compensation would not be fair. Those objections are without merit because Plaintiffs sought only injunctive and declaratory relief. As such, it does not appear that monetary relief is possible in this case. Importantly, the settlement does not affect any class members' rights to bring separate claims for monetary damages should they choose to do so. In sum, the objections are overruled, and this factor weighs in favor of approving the settlement.

### 6. The Stage of Proceedings at Which Settlement Was Achieved

Lastly, the Court will consider the stage of proceedings at which settlement was achieved. This case was filed on June 17, 2021, and a settlement was reached in April 2022, approximately ten months later. Although discovery had yet to open, Plaintiffs engaged in pre-litigation investigation, conducted 30(b)(6) depositions and briefed and filed several motions, including a Motion for Preliminary Injunction and a Motion for Class Certification. The Court finds that

Plaintiffs' fact investigation, as well as the updated information exchanged between the parties during settlement negotiations, adequately equipped the parties with the information necessary to proceed to settlement instead of engaging in continued litigation. This factor thus weights in favor of settlement approval.

* * *

After considering the factors delineated by the Eleventh Circuit, the Court finds that the settlement in this case is fair and reasonable and that approval of the settlement is warranted.

## CONCLUSION

For the reasons explained above, Plaintiffs' Unopposed Motion to Grant Final Approval of Class Settlement [Doc. 58] is **GRANTED**. The settlement is approved in its entirety. The Clerk is **DIRECTED** to close this case.

**SO ORDERED** this 25th day of May, 2023.

_____
J. P. BOULEE
United States District Judge